IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN DELCASTILLO and                )           8:01CV342
LOIS DIANE DELCASTILLO,              )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )           MEMORANDUM OPINION
                                    )
ODYSSEY RESOURCE MANAGEMENT,         )
INC., a Texas corporation, 1st ODYSSEY )
GROUP, INC., a Texas corporation,    )
                                    )
        Defendants.                 )

This matter is before the court on remand from the Eighth Circuit Court of Appeals,
Filing Nos. 172 & 173; *Delcastillo v. Odyssey Resource Mgmt., Inc.* 431 F.3d 1124 (8th Cir.
2005).

I. BACKGROUND

A.  District Court Proceedings

This matter was originally tried to the court in August 2003.  After a two-day bench
trial, this court entered judgment in favor of plaintiffs and against defendants Odyssey
Resource Management and 1st Odyssey Group, Inc., (hereinafter, collectively, "Odyssey")
in the amount of $301,866.11 for ERISA and COBRA violations.  Filing No. 151, Judgment.
That amount represented reimbursement of the Delcastillos' unreimbursed medical
expenses and penalties for failure to provide notice and information under 29 U.S.C. §
1132(c)(1)(A) and (B).  Filing No. 143, Amended Memorandum Opinion ("Mem. Op.") at
18-19.  The court denied defendants' motion for new trial and also entered judgment for

attorneys' fees in the amount of $109,317.50.  Filing Nos. 150, Memorandum and Order ("New Trial Mem. & Order"); 151, Judgment.

Contrary to Odyssey's assertions on appeal, the plaintiffs alleged and pursued an action under 29 U.S.C. § 1132(a) for wrongful denial of health insurance benefits as well as for breach of fiduciary duty.  *See* Filing No. 69, Amended Complaint at 10.  The allegations of the Amended Complaint involve the defendants' failure to provide health insurance coverage, misrepresentations with respect to such coverage, and failure to provide notice and information under ERISA, as amended by COBRA.  *Id.* at 2-8.  Plaintiffs sought reimbursement of medical expenses, injunctive relief in the form of an order that would estop defendants from denying coverage, and penalties for the notice violation.  *Id.* at 9-10.

Odyssey's pleadings and submissions show that it was fully aware that the action involved more than a COBRA claim for failure to provide notice.  *See, e.g.,* Filing No. 121, Odyssey's Trial Brief at 1-2 (conceding that the key issue was COBRA obligation to provide continuation coverage).  In Odyssey's motion to strike plaintiffs' jury demand, Odyssey conceded that "the plaintiffs, John and Lois Delcastillo, filed suit seeking to recover medical benefits and expenses under a group insurance policy."  Filing No. 70, Motion to Strike at 1.  Odyssey argued that there was "no dispute over the applicability of ERISA" and argued that "actions brought for benefits under ERISA plans do not warrant a jury trial because such actions are equitable in nature."  *Id.* at 2.  In ruling on the motion, this court held "the court will treat this as a case governed by ERISA."  Filing No. 5, Order at 2.  Odyssey also moved for summary judgment, asserting that the plaintiffs' claims for misrepresentation and promissory estoppel were preempted by ERISA.  Filing No. 81, Brief in Support of

2

Motion for Summary Judgment at 1.  In arguing the preemption issue, Odyssey again conceded that an ERISA claim had been presented.  *Id. at 17.*  In this court's order granting, in part, Odyssey's motion for summary judgment on the preemption issue, the court recognized that plaintiffs' state law claims were preempted by ERISA, noting that "in certain circumstances, the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into one stating a federal claim."  Filing No. 123, Summary Judgment Mem. & Order at 1.  Noting that "[i]t is clear that plaintiffs' state law claims arise from the denial of their claims for continuation coverage benefits under Mr. Delcastillo's former employer's group health plan," the court stated that Odyssey was potentially liable under ERISA as a fiduciary, either as a plan sponsor or a plan administrator, in exercising "discretionary duties" in connection with processing and administering claims.  *See id.* at 2-4.  The court further found plaintiffs' ostensible state law claims were preempted and "ERISA's civil enforcement provisions, codified at 29 U.S.C. § 1132(a), are the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits."  Accordingly, it is clear that ERISA claims for wrongful denial of benefits and breach of fiduciary duty were raised and litigated.

Throughout this litigation, the Odyssey defendants did not raise a substantive factual defense to the wrongful denial and breach of fiduciary duty claims, but relied, instead on the contentions that it was not the Plan Sponsor and John Delcastillo was not its employee.[1]  *See, e.g.,* Filing No. 121, Odyssey's Trial Brief at 2.  Its assertions regarding

---

[1]Such substantive defenses would have included argument or evidence that Odyssey had satisfied its fiduciary obligations with respect to the denial of plaintiffs' claims, that this court should award deference to its eligibility decision, or that the Delcastillos had not exhausted administrative remedies, or similar

John Delcastillo's eligibility were, in turn, premised on its assertions concerning its corporate identity and its consequent renunciation of either successor, agent, or alter ego liability for its acts and those of its predecessor.  *See* Filing No. 81, Odyssey's Summary Judgment Brief at 22-23.  Odyssey argued that the "qualifying event" that would have triggered a COBRA notice obligation was Mr. Delcastillo's injury in 1996.  Filing No. 121, Odyssey's Trial Brief at 4; Filing No. 81, Odyssey's Summary Judgment Brief at 15.  It also argued, at trial and on appeal, that the Delcastillos had received more continuation coverage than COBRA requires, in that the Delcastillos had been provided coverage from the date of John Delcastillo's work-related injury in 1996 until February 1, 1999, when their insurer stopped paying claims.  *Id.* at 15-16.  Odyssey relied on these contentions as a defense to both the ERISA coverage claims and the COBRA notice claims.

In addition, Odyssey consistently maintained, in this court and on appeal, that the named defendant Odyssey entities were shielded from liability for various reasons relating to their corporate identities.[2]  *See, e.g.,* Odyssey Summary Judgment Brief at 22-23; Filing No. 113, Odyssey's motion in limine at 2 (seeking exclusion of evidence of connections to related entities).  Shortly before trial, plaintiffs sought leave to file a second amended complaint to add Odyssey's parent corporation and its principals as defendants.  Filing No. 1-1.  The motion was denied for reasons of delay.  Filing No. 119.  This court addressed the corporate liability issue in its order denying Odyssey's motion for summary judgment:

contentions.  *See, e.g., Smith v. United Tele., Inc. Special Severance Plan,* — F.3d —, 2007 WL 284329 (8th Cir. Feb. 2, 2007) (discussing elements of claim for wrongful denial of benefits).

[2]In its motion for summary judgment, Odyssey argued:  (1) 1st Odyssey Group was not a licensed staff leasing company at the time of the qualifying event; (2) John DelCastillo was not employed by First Odyssey Group; 3) First Odyssey Group was not a plan sponsor; and 4) First Odyssey Group is not a successor to Odyssey Resource Management.  Filing No. 81, Odyssey's Summary Judgment Brief.

> Defendants are "professional employer organizations," who contract with employers to provide employment and human resource services to employers. There is no dispute that either or both of theses defendants contracted with Mr. DelCastillo's former employer and its predecessor to provide such services. Defendants characterize themselves as "co-employers." The evidence shows that First Odyssey Group contracted at one time with Odyssey Resource Management to provide employment services to First Odyssey Group's clients. Both corporations are under the umbrella of the same holding company. The two defendant corporations share some of the same employees, owners, and clients. Similarly, a now-defunct entity, Odyssey Management Services, Inc., shared some of the same employees, owners, and clients as these defendants.

Filing No. 123, Summary Judgment Memo. Op. & Order at 4. The court further noted that the evidence suggested that "the two defendant companies are alter egos of each other and of other entities owned by the parent holding company." *Id.* at 5. This court made essentially the same finding after trial. *See* Filing No. 143, Mem. Op. at 9-10 (noting "[t]he interrelationship of the Odyssey defendants and their parent corporation and its other subsidiaries suggests that [the parent] and its subsidiaries are a single entity that hides behind legalistic corporate identities and formalities to elude responsibilities for corporate acts.")

After a two-day bench trial, the parties presented written closing arguments to the court. *See* Filing Nos. 135 & 136. Evidence of the Delcastillos' accumulated medical bills were offered and received in evidence. Filing No. 134, Amended Exhibit ("Ex.") List, Exs. 75-77, 101, 102, 107, 139-148. Defendant did not raise any serious factual challenge to the plaintiffs' case, which was largely established through Odyssey's own documents. It first argued, contrary to the court's summary judgment ruling and the agreed-upon controverted issues listed in the Pretrial Order, that plaintiffs had not asserted a claim for

breach of fiduciary duty.[3]  Filing No. 136, Odyssey's Statement of Closing Argument at 3. Relying on the technical differences in the corporate identities of the named Odyssey defendants, Odyssey argued that John Delcastillo was never eligible under a plan sponsored by defendant 1st Odyssey Group and that plaintiffs "did not suffer a Qualifying Event with respect to the [Odyssey Resource Management] group health plan."  *Id.* at 4. It also argued that it was not liable under successor liability or alter-ego theories.  *Id.* at 9. Odyssey finally argued that the Delcastillos had failed to mitigate their damages by failing to elect and pay for COBRA continuation coverage once they had received a COBRA notice.  *Id.* at 11-13.  It further argued that "estoppel principles cannot be invoked to change unambiguous plan language."  *Id.* at 7.

The record shows that Odyssey did not argue that damages for wrongful denial of benefits were exclusive of breach of fiduciary duty (or equitable) damages.  Odyssey characterized the special damages sought by the Delcastillos (reimbursement of medical expenses) as compensatory damages not recoverable under 29 U.S.C. § 1132(a)(3).  *See* Filing No. 81, Odyssey's Summary Judgment Brief at 22-23.  The exclusivity of a 29 U.S.C. § 1132 (a)(1)(B) remedy was argued only with respect to the preemption of state law claims, and not vis-a-vis a claim for breach of fiduciary duty.  *Id.* at 18.

After this court found in favor of plaintiffs, Odyssey moved for a new trial.  Filing Nos. 140 &145.  Odyssey challenged this court's award of statutory penalties to Lois Delcastillo, contending that only a participant, and not a beneficiary, could recover

---

[3]The issue of coverage was listed in the Pretrial Order as a controverted issue.  Filing No. 120, Pretrial Order at 2-3.

penalties for failure to provide initial or election notice under 29 U.S.C. § 1132(c)(1)(A).[4] Filing No. 141, Odyssey's New Trial Brief at 8.  It also challenged the court's award of statutory penalties for breach of fiduciary duty, but not the award of unreimbursed medical expenses.  *Id.* at 6.  In ruling on the motion, this court found that "[a]lthough the court did not refer to specific subsections of the statute in [its earlier Memorandum Opinion and Order], the evidence adduced at trial and referred to in the Memorandum Opinion clearly supports an award to Mrs. Delcastillo under 1132 (c)(1)(B)."  Filing No. 151, New Trial Mem. & Order at 2-3.  Odyssey did not appeal that determination.[5]

### B.  Decision on Appeal

Odyssey Resource Management and 1st Odyssey Group, Inc., (hereinafter, collectively, "Odyssey") appealed the decision, arguing that this court erred:  (1) in ruling that Odyssey was required to issue COBRA notices; (2) in finding that Odyssey breached its fiduciary duties; (3) in applying equitable estoppel; (4) in finding that the Odyssey defendants are alter egos; (4) in improperly assessing statutory penalties for breach of fiduciary duty;  (5) in miscalculating COBRA penalties; and (6) in awarding attorneys' fees. *See* Eighth Circuit Court of Appeals docket ("Eighth Cir. docket"), Case No. 04-3676,

---

[4]In addition, Odyssey again asserted that the plaintiffs "did not experience a qualifying event while Defendant were sponsoring the United Health Care Plan," identifying the qualifying event as John Delcastillo's work-related injury in 1996, and contending that "Plaintiffs were provided with free health insurance for two years after Mr. DelCastillo stopped working."  Filing No. 141, Odyssey's Statement of Closing Argument at 2.

[5]Odyssey appealed the court's summary judgment order, its amended memorandum opinion and order, the judgment, and the order denying defendants' motion for new trial.  *See* Filing No. 152, Notice of Appeal.  The court's alternative rationale for the award of statutory penalties was not addressed in Odyssey's brief on appeal to the Eighth Circuit.  At oral argument, plaintiffs' counsel briefly alluded to the issue, prompting the comment that the measure of damages for an award under that subsection would have been for a shorter period of time, that is, from the time Mrs. Delcastillo requested information until the time the information was given to her.  The issue was not addressed in the Eighth Circuit's opinion.

Appellee's Brief (March 8, 2005).  The Eighth Circuit vacated the award of statutory penalties for failure to provide initial and "qualifying event" COBRA notice.  *Delcastillo*, 431 F.3d at 1130.  The appeals court also vacated the statutory penalty award for breach of fiduciary duty and remanded the action for further consideration of the Delcastillos entitlement to recovery of unreimbursed covered medical expenses and for a redetermination of attorneys' fees "bearing in mind that '[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.'"  *Id.* at 1130 (*quoting Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983)).

The Eighth Circuit rejected Odyssey's defense "to all the Delcastillos' claims" that was "premised on the contention that John Delcastillo was never covered under the Reliance/Odyssey/IRP health care plan because the Reliance group policy provided that only an IRP employee who works 'regularly throughout an employer's entire work week . . . at any of the employer's business locations' is eligible for coverage."[6] *Delcastillo,* 431 F.3d at 1128.  In so finding, the Eighth Circuit soundly rejected Odyssey's contention that it was not John Delcastillo's employer as "so contrary to reality and to the policies underlying ERISA that it jeopardizes judicial acceptance of the co-employer artifice."  *Id.* at 1128.  Relying on the plan's Replacement of Coverage provision, the court found that

---

[6]The appeals court's reference to Odyssey's argument that the Delcastillos' medical claims were properly denied seems to indicate that the appeals court viewed Odyssey's position as a response to a claim for wrongful denial of benefits.  *See Delcastillo,* 431 F.3d at 1128.

8

the Delcastillos were covered under the health benefits policy at issue from February 1, 1999, to June 30, 2000.[7]  *Id.* at 1129.

Based on its finding of coverage under the policy, the Eighth Circuit rejected Odyssey's contention that the Delcastillos lacked standing to assert a breach of fiduciary duty claim.  As a result either mistaken or disingenuous statements by Odyssey's counsel to the court of appeals in briefing and at oral argument, the Eighth Circuit stated that "[t]he Delcastillos asserted no claim under 29 U.S.C. § 1132 (a)(1)(B)" for wrongful denial of benefits.  *Id.* at 1130.  The appeals court later acknowledged that the wrongful denial of coverage claim had been tried by consent.  *Id.* at 1131.

The court noted that "ERISA expressly provides a plan participant or beneficiary such as the Delcastillos a cause of action 'to recover benefits due to him under the terms of his plan'" under 29 U.S.C. § 1132(a)(1)(B) and that "[i]t is true that a plan administrator acts in a fiduciary capacity in making benefits decisions, and ERISA provides a distinct cause of action for 'other appropriate equitable relief' to remedy a breach of ERISA fiduciary duties" under 29 U.S.C. § 1132(a)(3).  *Id.*  The appeals court also found that "the record on appeal does not reveal whether Odyssey also argued to the district court that the Delcastillos may not recover wrongfully denied benefits under a breach of fiduciary duty theory because the remedy under § 1132(a)(1)(B) is exclusive," noting that the defense may have been waived.  *Id.*

---

[7]This provision was not relied upon in the district court, nor raised by the parties on appeal.  After oral argument, the Eighth Circuit requested briefing on the issue.  *See* Eighth Cir. docket, Case No. 04-3676, Order (March 8, 2005). In their supplemental brief in response, plaintiffs contended that the replacement coverage provision supported the position that they were entitled to benefits under the plan.  *See* Eighth Cir. docket, Case No. 04-3676, Appellee's Supplemental Brief (Dec. 7, 2005).  Odyssey again relied on its contention that John Delcastillo was not an employee.  *See* Eighth Cir. docket, Case No. 04-3676, Appellant's Supplemental Brief (Dec. 9, 2005).

Having found that the Delcastillos were covered by the plan until June 30, 2000, the appeals court determined that the qualifying event for COBRA notice purposes was John Delcastillo's termination on that date. *Id.* at 1130. The appeals court also found that Odyssey had timely satisfied its COBRA notice obligations and vacated the court's award of statutory penalties for failure to provide initial and election notice. *Id.* It further found that the Delcastillos could not recover statutory penalties for breach of fiduciary duty. *Id.* at 1131. Notably, the Eighth Circuit did not address Odyssey's challenge to this court's finding that Odyssey was alternatively liable "in its fiduciary capacity under ERISA for making affirmative misrepresentations" under an equitable estoppel theory. Filing No. 143, Mem. Op. 15. Further, the Eighth Circuit declined to address Odyssey's challenge of this court's finding that the named defendants were jointly and severally liable to the Delcastillos as alter ego corporations "'used to perpetuate the denial of Mr. Delcastillo's notice and benefits and to create confusion about the Delcastillos' recourse and remedies,'" noting that "this issue may lose its relevance given our disposition of the appeal." *Delcastillo,* 431 F.3d at 1131 (quoting District Court Mem. Op. at 9). The court noted, however, that "a PEO organization that uses multiple corporate entities to frustrate the recovery of valid ERISA claims might become subject to drastic ERISA remedies, such as an order permanently enjoining the culpable parties from acting as a service provider to any ERISA plan." *Id.*

### C. Remand

This court ordered briefing on the issues on remand. In its brief on remand, plaintiffs argue for reassessment of a statutory damage award for Odyssey's failure to provide requested information under 29 U.S.C. § 1132 (c)(1)(B). Plaintiffs further argue

that Odyssey did not preserve the defense that a damage remedy under ERISA is not available for breach of fiduciary duty.  The plaintiffs also contend that this court is free to make a factual finding that would counter the Eighth Circuit's assumption, "absent evidence to the contrary," that "John Delcastillo received an initial COBRA notice at the commencement of his coverage under the GLNX/United Healthcare Plan." *Delcastillo,* 431 F.3d at 1129.  Finally, plaintiffs argue that they are entitled to a full award of their total attorneys' fees.

In its brief on remand, Odyssey again argues that plaintiffs did not pursue a claim under 29 U.S.C. § 1132 (a)(1)(B), which it now characterizes as "the exclusive remedy for challenging a denial of benefits."  Filing No. 178, Odyssey Brief at 7.  Odyssey contends that the Eighth Circuit's opinion establishes that plaintiffs sought unreimbursed medical expenses only under a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).  *Id.* at 6.  It does not contend that it argued to the court at trial that "the Delcastillos cannot recover wrongfully denied benefits under a breach of fiduciary duty theory because the remedy under § 1132c (a)(1)(B) is exclusive," as suggested by the court of appeals, but argues "it is counterintuitive to conclude that Odyssey waived a defense that was not applicable during the trial of this matter."  Filing No. 178, Odyssey Brief at 7.  It also argues an award of statutory penalties for failure to provide requested information under 29 U.S.C. § 1132 (c)(1)(B) is precluded by the Eighth Circuit's opinion.[8]  Odyssey further contends

---

[8]Interestingly, Odyssey acknowledges in its brief on remand that a claim for wrongful denial of benefits was presented in the case, whereas it stated in oral argument at the Eighth Circuit and in its brief on appeal that plaintiffs raised only a COBRA claim.  *See* Brief on Remand at 6-7; Odyssey Brief on Appeal at 29.  Even more remarkably, Odyssey claimed in its appeals court brief that "[a]t no time did the Delcastillos plead or contend that they were pursuing a breach of fiduciary duty."  *Id.*  As the foregoing discussion shows, the Delcastillos sought injunctive relief, a remedy available for breach of fiduciary duty, from the outset of this litigation.

that, "if Odyssey is determined to have waived its challenge to Plaintiff's pursuit of unreimbursed medical expenses under a breach of fiduciary duty theory," plaintiffs are entitled only to expenses they incurred from February 1, 1999 to June 30, 2000, which amount to only $3,759.30. *Id.* at 7; Filing No. 179, Index of Evidence, Ex. 1. Finally, Odyssey seeks a reduction in the award of attorneys' fees comparable to the limited success achieved by plaintiffs. It argues that the Eighth Circuit's reversal of the penalty award means that the Delcastillos have recovered less than they could have recovered without instigating this action. In support of that argument, Odyssey relies on the offer that it made to the Delcastillos in October 1999 of ten months' coverage, conditioned on a waiver of the right to COBRA coverage.

## II. DISCUSSION

### A. Medical Expenses

The court has reviewed the record in this case. The court notes that this action has been unnecessarily prolonged and this court's task on remand has been needlessly complicated by Odyssey's misrepresentations, obfuscation of issues, presentation of contradictory arguments, continued pursuit of untenable and unmeritorious claims, and apparent failure to properly designate the record to the court of appeals. On appeal, defendants successfully confused, conflated, and clouded the issues by omitting facts that would have explained this court's findings and enhanced the Eighth Circuit's understanding of the case. As recounted above, and contrary to defendants' representations to the court of appeals, plaintiffs prosecuted this action as an ERISA action for both wrongful denial of benefits, seeking the legal remedy of damages and breach of fiduciary duty, seeking equitable relief. Plaintiffs sought reimbursement of medical expenses, COBRA

12

continuation coverage, and "other appropriate equitable relief" to redress ERISA violations and "to enforce any provisions of . . . the terms of the plan" as authorized under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). It also sought statutory penalties for failure to comply with COBRA notice provisions and ERISA information requests. *See* Filing No 69, Amended Complaint.

From the outset, it was clear that the injury to the Delcastillos as a result of Odyssey's wrongful conduct was the failure to cover the Delcastillos' medical claims, beginning in February 1999. The issue of whether and to what extent the Delcastillos were covered for health benefits from and after the date on which Odyssey became its plan sponsor is and always has been the heart of this lawsuit. Penalties for failure to provide notice of COBRA rights was merely incidental to the coverage claim. *See* Mem. Op. & Order at 17 (noting "the issue under 29 U.S.C. § 1132 (c) [the penalty provision] is whether the plan administrator gave a proper notice, not whether the employee was improperly denied COBRA continuation coverage"). Notably, the Delcastillos never sought recovery of extra-contractual or consequential damages.

The Eighth Circuit found that the qualifying event that triggered Odyssey's duty to provide notice occurred when John Delcastillo was terminated on June 30, 2000 and the Delcastillos received such notice. Implicit in the circuit court's finding that the Delcastillos were covered up to that point is the necessary corollary that Odyssey was required to offer such continuation coverage for eighteen to thirty-six months thereafter. The injury connected to a failure to provide notice of a participant's COBRA options is the consequent failure to provide the COBRA continuation coverage signaled by the notice. The right

provided under COBRA is not only a right to notice of continuation coverage, but a right to elect and purchase such coverage.

Importantly, the Eighth Circuit did not reverse this court's finding that the notice sent to the Delcastillos in July 2000 was ineffective and illusory.[9]  Although the Eighth Circuit found the notice satisfied Odyssey's obligation under 29 U.S.C. § 1166, so as to preclude imposition of statutory penalties under 29 U.S.C. § 1132(c)(1)(A), the evidence shows that Odyssey never made a bona fide offer of extended coverage to the Delcastillos.  The evidence establishes that Odyssey never paid claims submitted by the Delcastillos during the time that the policy has been determined to be in force, from February 1, 1999 to June 30, 2000.  An offer to "extend" or continue coverage presupposes coverage in the first place.  Any purported extension or continuation of nonexistent coverage is meaningless.  At the time Odyssey ostensibly offered continuation coverage to the Delcastillos, Odyssey continued to maintain that the Delcastillos were not eligible under the policy and continued to deny claims submitted under the policy.

The evidence adduced at trial establishes that Odyssey wrongfully failed and refused to pay any of the Delcastillos' claims after February 1, 1999.  The court of appeals has determined that the Delcastillos were covered from February 1, 1999 until June 30, 2000.  *Delcastillo,* 431 F.3d 1129.  The Eighth Circuit's *de novo* determination that the Replacement of Coverage provision "describe[d] precisely the situation" at issue, and that "United Healthcare benefit statements in the record are uncontroverted proof that the Delcastillos 'were covered under the previous policy on the date it was discontinued,'"

---

[9]This court rejected Odyssey's contention that the Delcastillos' failure to show that they could have afforded coverage barred an award of damages, noting that "[t]he court's concern rests with whether the plaintiffs were offered the opportunity to elect coverage based on having been fully informed of their COBRA rights" and that "[t]he Delcastillos clearly were not provided such an opportunity."  Filing No. 143, Mem. op. at 18.

*Delcastillo,* 431 F.3d at 1128, would seem to indicate that Odyssey's denial of the Delcastillos' medical claims was wrongful.  The court of appeals also found that the defenses to a claim of coverage were "contrary to reality" and could warrant imposition of a "drastic remedy."  *Id.* at 1128, 1130.  The court further intimated that a decision to engage PEOs as co-employers in order to alter participants' rights to ERISA benefits "might well violate ERISA fiduciary duties."  *Id.* at 1128-29.

In light of those findings, and based on its review of the record, the court finds that the evidence establishes Odyssey's liability for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B).  An election of COBRA coverage by plaintiffs would have been futile.  Accordingly, the court finds that Odyssey is liable for medical expenses that would have been covered had the Delcastillos elected COBRA coverage, as well as medical claims improperly denied from February 1, 1999 to June 30, 2000.  The evidence adduced at trial established those damages were $27,026.11 and judgment in favor of plaintiffs, together with interest at the legal rate, will be entered in that amount. [10]

B.  Penalties

The Eighth Circuit has determined that statutory penalties cannot be assessed under 29 U.S.C. § 1132 (c)(1)(A) for failure to provide either initial or election COBRA notice or for breach of fiduciary duty.  However, this court's alternative award of statutory penalties under 29 U.S.C. § 1132 (c)(1)(B) for failure to provide requested notice was not challenged on appeal.  Because those damages would have been coextensive with damages imposed on the Delcastillos' other claims, the amount of damages attributable

---

[10]Because this court is essentially reinstating the earlier judgment, interest should accrue from September 28, 2004.

to that violation were not separately set out in this court's earlier order.[11]  Penalties can be assessed on a plan administrator who fails to respond to a request for "any information which such administrator is required by this subchapter [Protection of Employee Benefit Rights, 29 U.S.C. § § 1022 - 1119c] to furnish to a participant or beneficiary."[12]  29 U.S.C. § 1132(c)(1)(B) (emphasis added).

Congress' purpose in enacting the ERISA disclosure provisions is "ensuring that the individual participant knows exactly where he stands with respect to the plan." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 118 (1989).  The information an ERISA administrator is required to provide includes plan descriptions, summary plan descriptions and annual reports.  29 U.S.C. § § 1022, 1023, 1024.  ERISA requires a  summary plan description to be "written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan."  29 U.S.C. § 1022(a).  It should include, inter alia, information concerning "the remedies available under the plan for the redress of claims which are denied in whole or in part (including procedures required under section 1133 of this title)."  29 U.S.C. § 1022(b).  In addition, employee benefit plans are the required to

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific

---

[11]In its order assessing penalties, one component of the penalties assessed was measured from February 1, 1999 to August 9, 1999.  Filing No. 143, Mem. Op. at 19.  Though not separately set forth, that penalty represents the sanction for failure to respond to plaintiffs' request for information, since the requested information was furnished on August 10, 1999.  *See* Trial Ex. 9.

[12]ERISA provides that the plan administrator is the one "specifically so designated by the terms of the instrument under which the Plan is operated" or, if no "administrator is . . . so designated," the administrator is the "plan sponsor." 29 U.S.C. § 1002(16)(A)(i)-(ii). The plan does not identify an administrator. *See* Ex. 9.  The evidence shows, however, that Odyssey was the plan sponsor and that Odyssey made claims and eligibility decisions.

reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. It is questionable whether the documents belatedly provided to claimants satisfied these requirements. It is clear, however, that no information was provided to the plaintiffs pursuant to their requests, beginning in mid-February, 1999, until August 10, 1999.

The district court, in assessing a claim for penalties should consider "various factors, including bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice to the participant or beneficiary." *Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 90 (2d Cir. 2001) (internal quotation marks omitted); *Romero v. Smith Kline Beecham,* 309 F.3d 113, 120 (3d Cir. 2002) (citations omitted).

The evidence establishes that, despite repeated requests beginning in mid-February 1999, no summary plan description or other plan documents were forwarded to the plaintiffs until August 9, 1999. The record establishes conduct at least bordering on bad faith by the defendants and also shows considerable prejudice to the plaintiffs. Accordingly, the court finds that statutory penalties in the amount of $110.00 per day should be assessed against Odyssey and in favor of plaintiffs under 29 U.S.C. § 1132(c)(1)(B) for a period of 176 days (representing February 15, 1999 to August 10, 1999). *See* 29 C.F.R. § 2575.502c-1 (increasing maximum civil monetary penalty to $110.00 per day). Judgment for penalties in the amount of $19,360 will be entered in favor

of John Delcastillo, and judgment for penalties in the amount of $19,360 will be entered in favor of Lois Delcastillo,

### C.   Attorneys' Fees

Under ERISA, a court is authorized, in its discretion, to award a reasonable attorney fee and costs to either party.  29 U.S.C. § 1132 (g)(1).  In exercising its discretion, the court should consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.   *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir. 1984); *see also Martin v. Arkansas Blue Cross and Blue Shield,* 299 F.3d 966, 972 (8th Cir. 2002) (en banc) (approving *Westerhaus* factors, although not exhaustive, as "well-recognized general guidelines which provide direction to the district court").

In analyzing a claim for fees, the court should remain faithful to the substantive purpose of ERISA.  *Id.* at 973.  ERISA's purpose is remedial and "it was enacted to protect, among other things, 'the interests of participants in employee benefit plans and their beneficiaries.'"  *Id.* (quoting 29 U.S.C. § 1001(b)).  Although "a good faith denial of benefits due to a fair disagreement over [coverage] does not necessarily endanger participants in a plan," and may not warrant an award of fees, acting to "hinder the interests" of a participant may warrant a fee award.  *See id.*

Application of the *Westerhaus* factors in this case favors a substantial award of fees to the Delcastillos.  First, the court finds that defendants' conduct, both with respect the

18

Delcastillos and in the prosecution of this action and appeal, was egregious, bordering on bad faith. Second, there has been no showing that defendants lack the ability to pay. Third, the deterrent effect of an award of fees deserves considerable weight. *See Starr v. Metro Sys.,* 461 F3d 1036, 1041 (8th Cir. 2006). An award of attorneys' fees will serve as an incentive to Odyssey and other employing the PEO artifice "to pay closer attention to their COBRA notice handling procedures when an employee departs under [similar] circumstances." *See id.* at 1041 (8th Cir. 2006). Third, in evaluating the relative merits of the parties' positions, the court finds that, notwithstanding the Delcastillos' inability to make a full recovery because ERISA allows only limited remedies and preempts state law, the Delcastillos advanced meritorious arguments in the lengthy prosecution of this case. Odyssey, on the other hand, raised considerable obstacles in plaintiffs' path by raising unsupportable arguments and advancing spurious claims. Although the plaintiffs did not seek to benefit all the participants and beneficiaries of the plan, the degree of success obtained by the Delcastillos in this action is significant. Although they did not prevail on their claim for certain penalties, they succeeded on the central claim in the litigation — their entitlement to coverage under the policy. "Given the remedial nature of ERISA legislation, and the need for ERISA litigants to have effective access to the courts to vindicate their rights," the court finds attorneys' fees in the amount that was imposed in this court's earlier judgment, in addition to fees accrued on remand, should be awarded to plaintiffs.

A Judgment in conformity with this Memorandum Opinion will be entered this date.

DATED this 12th day of March, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief U.S. District Court Judge