IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DELCASTILLO and<br>LOIS DIANE DELCASTILLO,<br><br>  Plaintiffs,<br><br>  v.<br><br>ODYSSEY RESOURCE MANAGEMENT,<br>INC., a Texas corporation, 1st ODYSSEY<br>GROUP, INC., a Texas corporation,<br><br>  Defendants. | 8:01CV342<br><br><br><br>MEMORANDUM OPINION |

This matter is before the court on remand from the Eighth Circuit Court of Appeals, Filing Nos. 194 & 195; *Delcastillo v. Odyssey Res. Mgmt., Inc.*, 292 Fed. App'x 519 (8th Cir. 2008).

I.   BACKGROUND

This matter was originally tried to the court in August 2003. After a two-day bench trial, this court entered judgment in favor of plaintiffs and against defendants Odyssey Resource Management and 1st Odyssey Group, Inc. (hereinafter, collectively, "Odyssey"), in the amount of $301,866.11 for ERISA and COBRA violations. Filing No. 151, Judgment. That amount represented reimbursement of the Delcastillos' unreimbursed medical expenses and penalties for failure to provide COBRA notice and information. *See* Filing No. 143, Amended Memorandum Opinion ("Mem. Op.") at 18-19. The court later awarded attorneys' fees in the amount of $109,317.50. Filing Nos. 150, Memorandum and Order ("Fee Award Mem. & Order"); Filing No. 151, Judgment. Odyssey appealed. Filing No. 152, Notice of Appeal. The Eighth Circuit Court of Appeals ("Eighth Circuit") vacated the

award of statutory penalties for failure to provide COBRA notice and breach of fiduciary duty and remanded the action for further consideration of the unreimbursed covered medical expenses issue and the attorneys' fees issue in light of the plaintiffs' limited recovery. *Delcastillo v. Odyssey Res. Mgmt., Inc.*, 431 F.3d 1124, 1130 (8th Cir. 2005) ("*Delcastillo I*").

On the first remand, this court entered judgment in the amount of $27,026.11 (plus interest at the legal rate from the date of the original judgment) for covered medical expenses and in the amount of $38,720.00 for statutory penalties. Filing No. 182, Judgment. The court reconsidered the attorneys' fees and again awarded $109,317.50 for attorneys' fees and related expenses, finding that a reduction in fees was not warranted. Filing No. 181, Memorandum Opinion ("Remand Mem. Op.") at 13. The court later awarded an additional $5,673.16 to plaintiffs for the attorneys' fees and costs incurred in this court on remand. Filing No. 190, Order & Judgment. Odyssey again appealed. Filing No. 185, Notice of Appeal.

In the second appeal, the Eighth Circuit found that this court had exceeded the scope of the appellate court's mandate. *Delcastillo v. Odyssey Res. Mgmt., Inc.*, 292 Fed. App'x 519, 520 (8th Cir. 2008) ("*Delcastillo II*") (per curiam) (unpublished opinion). It stated that its earlier order precluded statutory penalties on any basis and limited the Delcastillos' recovery of unreimbursed medical expenses to those incurred from February 1, 1999, to June 30, 2000. *Id.* The court noted, however, that the Delcastillos could be entitled to prejudgment interest on those expenses. *Id.* Accordingly, the Eighth Circuit has directed this court to "award the DelCastillos only the amount of their unreimbursed medical expenses from February 1, 1999 to June 30, 2000 and to determine whether prejudgment

interest is warranted" and to again reconsider the attorneys' fee award. *Id.; see also Delcastillo I*, 431 F.3d at 1131-32 (directing district court to redetermine whether to exercise its discretion in awarding attorneys' fees, keeping in mind that reduced award is proper where relief, however significant, is limited as compared to whole scope of litigation).

 II. DISCUSSION

  A. Covered medical expenses

The record shows that the plaintiffs incurred covered unreimbursed medical expenses in the amount of $3,759.30 from February 1, 1999, to June 30, 2000. *See* Filing No. 179, Index of Evidence, Ex. 1. Accordingly, the court will enter judgment in favor of th Delcastillos in that amount.

  B. Prejudgment interest

Prejudgment interest awards "'are permitted under ERISA where necessary to afford the plaintiff other appropriate equitable relief under section 1132(a)(3)(B).'" *Christianson v. Poly-America, Inc. Medical Benefits Plan,* 412 F.3d 935, 941 (8th Cir. 2005) (*quoting Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 945 (8th Cir.1999)). One purpose of the remedy is to compensate the prevailing party for financial damages incurred, and "another important purpose is to 'promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation.'" *Id*. (*quoting Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743, 752 (8th Cir. 1986)).

The purpose of prejudgment interest will be served by an award in this case. The court finds prejudgment interest is appropriate because: (1) Odyssey has continued to have the use of the money it wrongfully denied the plaintiffs during the extended pendency

of this litigation; (2) the exact amount of the unreimbursed medical expenses was never in doubt; (3) the pendency of the litigation was unnecessarily prolonged by the defendants' obduracy; and (3) an award of prejudgment interest is necessary for the plaintiffs to obtain appropriate equitable relief. *See id.*

Prejudgment interest accrues from the time payment is due. *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 625 (8th Cir. 2003). The Eighth Circuit has directed the court to calculate the interest under 28 U.S.C. § 1961. *Delcastillo II*, 292 Fed. App'x at 520. In ERISA cases, prejudgment interest is calculated at the statutory rate established for postjudgment interest. *See Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995). The statute currently provides the rate is "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, prejudgment interest in the amount of $2,528.32 (representing interest at the legal rate of 6.51% for the week ending June 23, 2000, computed daily and compounded annually, on the amount of $3,759.30 from June 30, 2000, to February 9, 2009).

  C. Attorneys' fees

Pursuant to 29 U.S.C. § 1132(g)(1), a court may, in its discretion, award reasonable attorney fees and costs to either party under ERISA. 29 U.S.C. § 1132(g)(1). A court considering whether to award attorney fees under ERISA should "'apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.'" *Welsh v. Burlington Northern, Inc., Employee Benefits Plan*, 54 F.3d 1331, 1342 (8th Cir.1995) (*quoting Smith v. CMTA-IAM*

*Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984)). "[A]lthough there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees." *Starr v. Metro Systems, Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006). *See also Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc) (noting that "few, if any, fee awards have been denied a prevailing plaintiff in ERISA cases nationwide," and the absence of a presumption does not doom an ERISA plaintiff's attorneys' fees request).

In exercising its discretion, the district court should use the five factors in *Lawrence v. Westerhaus,* 749 F.2d 494, 495 (8th Cir.1984), together with other relevant considerations, as general guidelines for determining when a fee is appropriate. *Martin,* 299 F.3d at 972. Those factors are: (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Westerhaus*, 749 F.2d at 496. The *Westerhaus* factors are not exclusive nor are they to be mechanically applied. *Martin,* 299 F.3d at 972. The deterrent effect of an award of fees, however, deserves considerable weight as a factor. *See Starr*, 461 F.3d at 1041.

In analyzing a claim for fees, the court should remain faithful to the substantive purpose of ERISA. *Martin,* 299 F.3d at 973. ERISA's purpose is remedial and "it was enacted to protect, among other things, 'the interests of participants in employee benefit plans and their beneficiaries.'" *Id.* (*quoting* 29 U.S.C. § 1001(b)). Although "a good faith

5

denial of benefits due to a fair disagreement over [coverage] does not necessarily endanger participants in a plan," and may not warrant an award of fees, acting to "hinder the interests" of a participant may warrant a fee award. *Id.*

In its first attorneys' fees order, this court applied the *Westerhaus* factors and found that they weighed in favor of an award of fees. Filing No. 150, Fee Award Mem. & Order at 4. The court found that the degree of culpability by defendants "more than justifie[d]" a fee award. *Id.* (noting "either deliberate and genuinely shocking tactics of evasion on the part of defendants or negligence and incompetence in the extreme."). The court further found that the evidence revealed far more culpability than the ordinary ERISA situation involving "a good faith denial of benefits due to a fair disagreement over" benefits. *Id.* The court noted that

> Although they maintained the position throughout this action that the plaintiffs were not entitled to insurance coverage from February 1, 1999, until July 2000, it is undisputed that defendants continually assured plaintiffs of coverage. Defendants' disingenuous 'continuation' of coverage not only prevented plaintiffs' acquisition of other insurance but also prevented them from receiving necessary medical care."

*Id.* at 4.

In the first appeal, the Eighth Circuit characterized Odyssey's defenses to the coverage claim as "contrary to reality and to the policies underlying ERISA. . . ." *Delcastillo I*, 431 F.3d at 1128. The Eighth Circuit found it unnecessary to address this court's finding that the defendants were alter ego corporations that were used to perpetuate the denial of Mr. Delcastillo's recourse and remedies, noting that the issue "may lose its relevance given [the] disposition on appeal," but it nonetheless noted that "a [Professional Employer] organization that uses multiple corporate entities to frustrate the recovery of valid ERISA

claims might be subject to drastic ERISA remedies, such as an order permanently enjoining the culpable parties from acting as a service provider to any ERISA plan." *Id.* at 1131.

In the first remand, Odyssey argued that the DelCastillos' fee award should be reduced in an amount "comparable to the limited success achieved by plaintiffs" on appeal. *See* Filing No. 181, Remand Mem. Op. at 12.  It further argued that the Eighth Circuit's reversal of the penalty award meant that the Delcastillos had recovered less than they could have recovered without instigating this action (citing an offer made in October 1999 of ten months' coverage, conditioned on a waiver of the Delcastillos' right to continuation coverage under COBRA).  *Id.*  The court rejected that position.  The purported offer, conditioned as it was on the plaintiffs' relinquishment of COBRA coverage to which they were arguably entitled, did not amount to a reasonable resolution of the dispute.  At that time, the court noted that "[f]rom the outset, it was clear that the injury to the Delcastillos as a result of Odyssey's wrongful conduct was the failure to cover the Delcastillos' medical claim, beginning in February 1999."  Filing No. 181, Remand Mem. Op. at 13.  In fact, the court stated that "throughout this litigation, the Odyssey defendants did not raise a substantive factual defense to the wrongful denial and breach of fiduciary duty claims, but relied, instead, on the contentions that it was not the Plan Sponsor and John Delcastillo was not its employee." Filing No. 181, Remand Mem. Op. at 3.  Also, Odyssey consistently maintained "that the named defendant Odyssey entities were shielded from liability for various reasons relating to their corporate identities," including arguing that:  (1) 1st Odyssey Group was not a licensed staff leasing company at the time of the qualifying event; (2) John DelCastillo was not employed by First Odyssey Group; 3) First Odyssey

7

Group was not a plan sponsor; and 4) First Odyssey Group is not a successor to Odyssey Resource Management.  *See id.* at 4 n.2; Filing No. 143, Amended Memorandum and Order at 9-10 (finding joint and several liability as alter egos and noting "[t]he interrelationship of the Odyssey defendants and their parent corporation and its other subsidiaries suggests that [the parent] and its subsidiaries are a single entity that hides behind legalistic corporate identities and formalities to elude responsibilities for corporate acts.").

In light of those findings, the court did not adjust the fee award previously assessed, finding that a sizeable award was still justified in view of the Odyssey's high level of culpability.  *See* Filing No. 181, Remand Mem. Op. at 18-19.  The court again applied the *Westerhaus* factors, noting Odyssey's efforts, throughout the litigation, to confuse, conflate and cloud the issues.  *See id.* at 12.  The court specifically noted Odyssey's numerous "misrepresentations, obfuscation of issues, presentation of contradictory arguments, continued pursuit of untenable and unmertitorious claims, and apparent failure to properly designate the record to the Court of Appeals." *Id.*  The court found Odyssey's conduct had unnecessarily prolonged and needlessly complicated the case by "omitting facts that would have explained this court's findings and enhanced the Eighth Circuit's understanding of the case." *Id.*  This court found that defendants' conduct, both with respect to the underlying claim and in the prosecution of this action and appeal, "was egregious, bordering on bad faith." *Id.* at 19.  The court also noted that Odyssey had offered various and contradictory reasons for the denial of benefits to the Delcastillos, had made disingenuous statements to the appeals court, and "raised considerable obstacles in plaintiffs' path by raising unsupportable arguments and advancing spurious claims." *Id.*

The court has reconsidered its earlier award of fees in light of the plaintiffs' limited recovery as a result of the second appeal. The court reaffirms its earlier findings in the first remand. *See id.* at 18-19. Given the remedial nature of ERISA legislation, and the need for ERISA litigants to have effective access to the courts to vindicate their rights, the court finds that fees in the amount of the initial attorneys' fees judgment should again be awarded. Although the award of statutory penalties for lack of a COBRA notice were reversed, plaintiffs remain the prevailing parties in this litigation by virtue of their success on the coverage issue. They succeeded on the central claim in the litigation—their entitlement to health insurance benefits under an employer-sponsored policy of insurance. In authorizing an award of prejudgment interest, the Eighth Circuit has approved an equitable remedy in this case. Even on those claims on which they did not ultimately prevail, the plaintiffs' position was not without merit. A comparison of the monetary value of the plaintiffs' recovery to the "whole scope of the litigation" is not appropriate where, as here, the defendants needlessly expanded the scope of the litigation by raising spurious defenses and unnecessarily prolonging the litigation.

The plaintiffs' degree of success was significant. The plaintiffs have vindicated important rights. They effected a change in the legal relationship between themselves and the defendants and have been awarded a sum of money that is not insignificant. Because the convoluted factual scenario presented in this case is unlikely to recur, not many plan participants may directly benefit from the plaintiffs' action. However, the deterrent effect of a sizeable judgment for attorneys' fees is especially significant in this type of case where the prospect of a paltry damages judgment provides little incentive to ERISA fiduciaries to carefully analyze the merits of claims.

ERISA's remedial purpose counsels in favor of an award because it facilitates claimants' access to judicial relief when no other alternatives are available for recourse. The Delcastillos filed this action in June 2001. Filing No. 1, Complaint. As a result of Odyssey's refusal to honor the claims and the numerous contradictory reasons Odyssey propounded, the plaintiffs have been forced to resort to litigation to recover legitimate claims to medical benefits. It has been Odyssey's conduct that put the plaintiffs in the position of litigating the issue, and Odyssey could have reasonably resolved the claim at many points in this litigation. "Given the remedial nature of ERISA legislation, and the need for ERISA litigants to have effective access to the courts to vindicate their rights," the court finds that attorneys' fees in the amount of the original award of fees should be awarded to plaintiffs. *Starr*, 461 F.3d at 1041. In view of their failure to prevail in the second appeal, however, the court finds that an award of fees for expenses incurred in this court on the first remand are not appropriate.

DATED this 9th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge